UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| IN RE:<br><br>CINDY LEE TEMPLE<br>AKA CINDY LEE ESTEP<br><br>      Debtor | Chapter 7<br>Case No. 19-15612-NVA |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1<br><br>      Movant<br><br>v.<br><br>CINDY LEE TEMPLE<br>AKA CINDY LEE ESTEP<br>2208 JOSEPH RIGGS MEMORIAL HWY<br>RISING SUN, MD 21911<br>      (Debtor)<br><br>ZVI GUTTMAN<br>P.O. BOX 32308<br>BALTIMORE, MD 21282-2308<br>      (Trustee)<br><br>      Respondents | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1 ("Movant") by undersigned counsel, respectfully moves this

Honorable Court to terminate the Automatic Stay as to the real property located at 43 Pine Bluff Lane, Elkton, MD 21921 ("Property"), and, as grounds therefore, states as follows:

1. This proceeding seeking relief under 11 U.S.C. § 362(d) of the U.S. Bankruptcy Code is a contested matter within the meaning of 9014 and 4001 of the Federal Rules of Bankruptcy Procedure, and this court has jurisdiction over this matter pursuant to 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (b)(2)(O). Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. On April 25, 2019, the above named Debtor, Cindy Lee Temple aka Cindy Lee Estep ("Debtor"), filed in this court a Petition under Chapter 7 of the United States Bankruptcy Code. Zvi Guttman was appointed Chapter 7 Trustee.

3. On or about February 5, 2007, Cindy L. Estep and Ronald G Estep, Jr. (collectively the "Obligors") executed and delivered to First Home Mortgage Corporation a Note in the amount of ONE HUNDRED EIGHTY-EIGHT THOUSAND DOLLARS AND NO CENTS ($188,000.00), plus interest at the adjustable rate of 9.100%, to be paid over thirty (30) years. A copy of the Note is attached as **Exhibit A** and incorporated herein.

4. To secure the repayment of the sums due under the Note, Cindy L. Estep and Ronald G Estep, Jr. executed and delivered to First Home Mortgage Corporation a Deed of Trust dated February 5, 2007, encumbering the real property ("Property") described as:

```
ALL that lot or parcel of land in the Fifth Election
District of Cecil County, State of Maryland, designated
as Lot No. 10 on a plat entitled "Resubdivision of Lot 4,
Plat Two, Pine Bluffs", and recorded among the Land
Records of Cecil County in Plat Book NDS No. 8 Folio 84.
The improvements thereon being known as No. 43 Pine Bluff
Lane.

Tax Id: ▮▮▮▮▮▮▮

TOGETHER WITH the right to use in common with the other owners
of the lots shown on the plat recorded among the Land Records
of Cecil County in Plat Book NDS No. 8 Folio 84, the right of
way known as Pine Bluffs Land, as shown on said plat, for
ingress, egress and regress between the lot hereby conveyed
and the public road.

SUBJECT, HOWEVER, to a Declaration of Restrictions by Sun
Company, Inc., dated August 7, 1984, and recorded among the
Land Records of Cecil County in Liber NDS No. 123 Folio 865.
```

which has the address of 43 Pine Bluff Lane, Elkton, MD 21921. A copy of the Deed of Trust is attached as **Exhibit B** and incorporated herein.

5. The Note and Deed of Trust were later transferred to Movant and Movant is the current holder of the Note and Deed of Trust. A copy of the Assignment is attached as **Exhibit C** and incorporated herein.

6. The Debtor agreed to a permanent modification of the loan described above. The loan modification is attached as **Exhibit D** and incorporated herein.

7. Nationstar Mortgage LLC d/b/a Mr. Cooper services the loan on the property referenced in this Motion for Relief. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates,

Series 2007-1 ("Note-holder").  Note-Holder directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to Note-holder or has been duly endorsed.  Note-holder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

8. As of June 3, 2019, Debtor owes an unpaid principal balance of $246,950.04 under the Note, plus additional accruing interest, late charges, attorneys' fees and costs.

| Unpaid Principal Balance | $246,950.04 |
| Unpaid, Accrued Interest | $1,261.80 |
| Escrow Advance | $201.90 |
| Modification | $9,122.22 |
| Less: Partial Payments | ($225.68) |
| Total Outstanding Obligations | $257,310.28 |

9. As of June 3, 2019, Debtor is contractually due for April 1, 2019, which includes the following missed payments:

| Number of Missed Payments | From | To | Payment Amount | Total Due |
| --- | --- | --- | --- | --- |
| 3 | April 1, 2019 | June 1, 2019 | $1,174.32 | $3,522.96 |
|  |  |  | Suspense: | ($225.68) |
|  |  |  | Total Payments Past Due | $3,297.28 |

10. A copy of the payment history is attached as **Exhibit E** and incorporated herein.

11. The value of the property is $239,311.00, according to the Debtor's Schedule "A".

12. The Debtor is in default under the Note.

13. The Debtor has not and cannot offer Movant any adequate protection of its interest in the Property, and Movant avers it is not adequately protected.

14. Debtor's Chapter 7 Statement of Intention lists an intention to surrender the Property.

15. As there is little to no equity in the Property, the Property is not necessary for an effective reorganization. Therefore, relief from stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage.

16. That the Debtor's intention to surrender the Property to Movant, account delinquency and lack of equity in the Property constitute cause for relief from the automatic stay.

WHEREFORE, U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1, prays that this Court issue an Order terminating or modifying the Automatic Stay under 11 U.S.C. § 362 as to the property located at 43 Pine Bluff Lane, Elkton, MD 21921, and granting the following:

a. Relief from the Automatic Stay allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property and/or allowing Movant, through its agents, servicers and representatives to contact Debtor and/or Debtor's counsel for the purpose of engaging in discussions and consideration for possible loss mitigation options, solutions and/or resolutions with regard to the underlying mortgage and note, including, but not limited to loan modification, deed in lieu or other loss mitigation alternatives.

b. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

  c.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

  d.  For such other relief as the Court deems proper.

Date:  June 17, 2019

            Respectfully submitted,

            <u>/s/ Elizabeth M. Abood-Carroll</u>
            Hugh Green, Bar #19260
            Kathryn Smits, Bar #13912
            Elizabeth M. Abood-Carroll, Bar #20631
            Luke McQueen, Bar #18960
            Orlans PC
            PO Box 2548
            Leesburg, VA 20177
            (703)777-7101
            Attorneys for U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1
            hgreen@orlans.com
            ksmits@orlans.com
            eabood-carroll@orlans.com
            lmcqueen@orlans.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned states that on June 17, 2019, copies of the foregoing Motion for Relief from Automatic Stay were filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Zvi Guttman
P.O. Box 32308
Baltimore, MD 21282-2308
zguttman@gmail.com
*Bankruptcy Trustee*

David L. Ruben
Law Offices of David Ruben
7310 Ritchie Highway
Suite 704
Glen Burnie, MD 21061
sue@mdbankruptcycenter.com
*Debtor's Attorney*

and I hereby certify that I have caused to be mailed by first class mail, postage prepaid, copies of the foregoing Motion for Relief from Automatic Stay to the following non-ECF participants:

Cindy Lee Temple
aka Cindy Lee Estep
2208 Joseph Riggs Memorial Hwy
Rising Sun, MD 21911
*Debtor*

             <u>/s/ Elizabeth M. Abood-Carroll</u>
             Hugh Green, Esquire
             Kathryn Smits, Esquire
             Elizabeth M. Abood-Carroll, Esquire
             Luke McQueen, Esquire

## Payment History

| Due Date | Payment Amount Due |
|---|---|
| 4/1/2019 | $1,174.32 |
| 5/1/2019 | $1,174.32 |
| 6/1/2019 | $1,174.32 |
| **Suspense**: | ($225.68) |
| **Total**: | $3,297.28 |